IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| BARRY H. SHAPIRO, | ) CIVIL NO. 07-00517 SPK-KSC |
| | ) |
|    Plaintiff, | ) FINDINGS AND |
| | ) RECOMMENDATION TO DENY |
|    vs. | ) WITHOUT PREJUDICE |
| | ) PLAINTIFF'S MOTION FOR |
| MAUI POLICE DEPARTMENT; | ) DEFAULT JUDGMENT |
| THOMAS PHILIPS; GARY | ) |
| YABUTA; SGT. MELVIN W. | ) |
| LORENZO; GREGG A. ROWE; C. | ) |
| CHANG; JOHN DOES 1-50, | ) |
| | ) |
|    Defendants. | ) |
| _____ | ) |

FINDINGS AND RECOMMENDATION TO DENY WITHOUT PREJUDICE
PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT

      Before the Court is Plaintiff Barry Shapiro's ("Plaintiff") Motion for Default Judgment ("Motion"), filed April 22, 2008.

      The Court finds this matter suitable for disposition without a hearing pursuant to Local Rule 7.2(d) of the Local Rules of Practice of the United States District Court for the District of Hawaii ("Local Rules").  After reviewing the Motion and the supporting memorandum, the Court HEREBY FINDS AND

RECOMMENDS that Plaintiff's Motion be DENIED WITHOUT PREJUDICE.

On October 11, 2007, Plaintiff filed a Complaint. Plaintiff now moves for default judgment against Defendants Thomas Phillips, Gary Yabuta, Sergeant Melvin Lorenzo, Gregg Rowe, and C. Chang. As to each of these defendants, Plaintiff seeks $120,000 in damages plus 3% interest and costs.

At the Rule 16 Scheduling Conference that took place on March 14, 2008, the Court suggested that Plaintiff file a request with the clerk to enter default against the defendants who did not timely answer the Complaint. However, Plaintiff instead filed the instant Motion, wherein he seeks <u>default judgment</u>. This request is premature, insofar as an entry of <u>default</u> must precede a motion for default judgment and the record before the Court indicates that the clerk has not entered default. <u>See</u> Fed. R. Civ. P. 55(a) ("When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise

defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."). Until Plaintiff complies with the applicable rules for obtaining default, the Court shall not entertain any motions for default judgment.  Accordingly, the Court recommends that the district court DENY WITHOUT PREJUDICE Plaintiff's Motion for Default Judgment.

   IT IS SO FOUND AND RECOMMENDED.

   Dated:  Honolulu, Hawaii, April 24, 2008.



_____
Kevin S.C. Chang
United States Magistrate Judge

CV 07-00517 SPK-KSC; <u>Shapiro v. Maui County Police Department, et al.</u>; FINDINGS AND RECOMMENDATION TO DENY WITHOUT PREJUDICE PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT